IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARK TEAS                                                                          PLAINTIFF

     v.                              Civil No.  11-2230

FORMER CAPTAIN CONGER;
CAPTAIN DEVANE; LIEUTENANT
JACKSON; and SERGEANT RITTER                                       DEFENDANTS

## ORDER

Pending before me are the following motions filed by the Plaintiff:  (1) a motion for emergency injunctive relief (Doc. 13); (2) a motion for appointment of counsel (Doc. 14); and (3) a motion for a jury trial (Doc. 15).  Each motion will be addressed in turn.

### Motion for Injunctive Relief (Doc. 13)

Plaintiff asks that Defendants be ordered to have a law library available to inmates. Plaintiff is no longer housed in the Sebastian County Detention Center.  Plaintiff's transfer to a different facility renders his request for injunctive relief moot.  *See Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999)(inmate's claims for injunctive and declaratory relief to improve prison conditions are moot when he is transferred to another facility and is no longer subject to those conditions).  The motion (Doc. 13) is denied as moot.

### Motion for Appointment of Counsel (Doc. 14)

Plaintiff asks that he be appointed counsel because his knowledge of the law is very limited, he has limited access to legal materials, the issues involved are complex, and he has a limited ability to present his case.

-1-

In *Mallard v. United States District Court*, 490 U.S. 296 (1989), the Supreme Court held that 28 U.S.C. § 1915 does not authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case.  Section 1915 (e) (1) provides as follows: "the court may request an attorney to represent any person unable to afford counsel."   "Indigent civil litigants do not have a constitutional or statutory right to appointed counsel."   *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995) (citation omitted).   "Once indigent *pro se* litigants meet their burden of showing that their complaints are not frivolous . . . counsel should be [requested] if the district court determines it is necessary." *Id.*  The decision to appoint counsel in civil cases is committed to the discretion of the District Court.  *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir.1984).

The standard used in determining the necessity of requesting counsel to represent the litigant is whether both the litigant and the court would benefit from the assistance of counsel.  *See Edgington*, 52 F.3d at 780.   "'Factors bearing on this determination include: the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues.'"  *Id.* (quoting *Nachtigall v. Class*, 48 F.3d 1076, 1081 (8th Cir. 1995)).  *See also Stevens v. Redwing*, 146 F.3d 538, 547 (8th Cir. 1998); *Bumgarner v. Malin*, 97 F.3d 1456 (8th Cir. 1996); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

Upon review of the file, there is nothing to suggest the Plaintiff cannot adequately represent himself.  He has filed several motions asking for a variety of relief from the Court.  Plaintiff appears to have an understanding of the issues involved and the ability to set forth his claims.  The motion (Doc. 14) is denied.

-2-

AO72A
(Rev. 8/82)

**Motion for Jury Trial** (Doc. 15)

Plaintiff asks that the case be tried to a jury.  The motion (Doc. 15) is granted.  Plaintiff

has made a timely demand for a jury trial.  Furthermore, the Defendants have also demanded a

jury trial.

IT IS SO ORDERED this 12th day of March 2012.


/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)